IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

QUINTON CARLSON,
on behalf of himself and all others similarly situated,

                          Plaintiff,

    v.

PATRICK K. WILLIS COMPANY, INC.
and SEAN SASVILLE,

                         Defendants.

OPINION and ORDER

19-cv-181-jdp

---

Plaintiff Quinton Carlson is suing defendant Patrick K. Willis Company, Inc. and its employee Sean Sasville under the Fair Debt Collection Practices Act (FDCPA). Carlson contends that Sasville made two telephone calls attempting to collect a debt he owed on a truck and that Sasville's calls included threats, misrepresentations, and other statements that violated the FDCPA. Carlson also seeks to represent a class of Wisconsin consumers who he says have been harmed by Willis's alleged illegal debt-collection practices.

Several related motions are before the court: (1) Willis's motion to dismiss Carlson's complaint under Federal Rule of Civil Procedure 12(b)(6), Dkt. 18; (2) Willis's motion to dismiss Carlson's claims against Sasville based on Carlson's failure to serve Sasville with his amended complaint, Dkt. 36; (3) Carlson's motion for an extension of time to serve process on Sasville, Dkt. 39; and (4) Willis's motion for sanctions against Carlson under Federal Rule of Civil Procedure 11, Dkt. 30.

The court will grant Willis's motion to dismiss Carlson's amended complaint for failure to state a claim. Although the parties agree that Carlson has failed to serve Sasville, the court will dismiss the complaint as to both defendants because the reasons for dismissal apply equally

to both defendants and because Carlson has had the opportunity to respond to Willis's motion as it applies to both defendants. *See Hancock v. Sotheby's*, Nos. 17 C 7446 and 18 C 4580, 2018 WL 6696071, at *3 n.4 (N.D. Ill. Dec. 20, 2018) (dismissing claims *sua sponte* against unserved defendants who hadn't yet appeared because other defendants' motion to dismiss raised arguments that applied equally to all defendants and because plaintiff had adequate opportunity to respond) (citing *Malak v. Assoc. Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir. 2011)). Accordingly, the court will deny the parties' motions relating to service on Sasville as moot. The court will also deny Willis's motion for sanctions because Willis hasn't shown that Carlson's factual or legal assertions warrant sanctions under Rule 11's standards.

ALLEGATIONS OF FACT

The court draws the following facts from Carlson's amended complaint, Dkt. 17, which it accepts as true for the purposes of deciding Willis's motion to dismiss. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003). The court will also consider facts from documents provided by Willis: a copy of a contract between Willis and Carlson's creditor, which was referred to in Carlson's amended complaint, and transcripts of Sasville's two phone conversations, which Willis filed in response to Carlson's initial complaint. Although Carlson doesn't expressly refer to these transcripts in his amended complaint, he appears to quote from them directly, *compare* Dkt. 17, ¶¶ 40–42, 46–50 *with* Dkt. 6-1 and Dkt. 6-2, and he doesn't object to Willis's use of them. So the court will consider these documents under the doctrine of incorporation by reference, which allows a defendant to attach documents to a motion to dismiss that are referred to in the complaint and central to the plaintiff's claim. *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994).

Carlson purchased a truck on credit in 2015. The terms of his loan granted the creditor, Ford Motor Credit Company, LLC, a security interest in the truck. After Carlson fell behind on his loan payments the next year, Ford retained Willis to locate and repossess the truck. The agreement between Willis and Ford provided that Willis would be paid if the truck was recovered or if Carlson paid or settled his debt with Ford.

In January 2019, Carlson spoke over the phone with Sasville, a Willis employee. Sasville identified himself as "Sean Michaels" with "SB Investigations." Dkt. 21-1, at 2. Sasville said he was contacting Carlson about the truck, and Carlson responded that the truck was in storage. Sasville said that Ford wanted "to set up a time and date to get the vehicle picked up" and asked Carlson if Sasville could "convince [Carlson] to do the right thing and turn the vehicle in." *Id.* at 2–3. Carlson said that Ford had illegally refused to allow him to make up missed payments and that he would keep the truck until his dispute with Ford was resolved. Carlson then told Sasville that the truck was no longer in the country. *Id.* at 4. Sasville replied, "I'm definitely going to continue reaching out to your whole entire family and everyone I can get ahold of that you know. Maybe someone will let me know." *Id.* Carlson responded, "Yeah, do that. Do that. You know, just be real careful about how you do it." Sasville then said, "Okay. You think . . . Alexandra [Carlson's daughter] or Noah [Carlson's brother], or any of them know anything?", to which Carlson replied, "Hey, you know what, give them a call. Find out. Just be careful what you say. Cause I'll sue the shit out of you, too." *Id.*

Later that day, Sasville called Carlson's son, Anthony. Sasville again identified himself as "Sean Michaels" with "SB Investigations." Dkt. 21-2, at 2. Anthony claimed not to know Carlson, to which Sasville replied, "Okay. No worries because I was definitely going to see if you knew [Carlson] and offer you some money if you could help me locate a vehicle." *Id.*

3

Anthony again declined to help Sasville, and Sasville responded, "No worries, man. I appreciate it. I'll continue to reach out to some other family members." *Id.*

Carlson filed a complaint on March 8, 2019, and an amended complaint on April 17, 2019. In his amended complaint, he alleges that defendants violated various provisions of the FDCPA during Sasville's calls because Sasville used fictitious names for himself and Willis, threatened to disclose Carlson's debt to Carlson's family members, disclosed the debt to Anthony, and offered to pay Anthony to help locate the truck.

ANALYSIS

Willis moves to dismiss Carlson's complaint on multiple grounds, but its main argument is that Willis isn't a "debt collector" under the FDCPA provisions cited in Carlson's complaint and therefore isn't regulated by those provisions. Because Willis is correct on this point, the court doesn't need to consider Willis's other arguments for dismissal. Willis also contends that Carlson's complaint includes false allegations and frivolous legal arguments warranting sanctions under Rule 11, but the court isn't persuaded that sanctions are appropriate.

A. **Motion to dismiss**

The FDCPA regulates the behavior of debt collectors. The FDCPA provisions cited in Carlson's complaint regulate debt collectors' communications with third parties; require them to disclose their identities in telephone calls; and prohibit them from using misrepresentation, deception, and unfair or unconscionable methods of debt collection. 15 U.S.C. §§ 1692c–1692f. For the purposes of these provisions, the FDCPA defines a "debt collector" as a person engaged in a business whose "principal purpose . . . is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts." 15 U.S.C. § 1692a(6).

The Supreme Court recently clarified the scope of this definition in *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019). In that case, the Court held that this definition doesn't include "entities engaged in no more than the 'enforcement of security interests'" through methods such as foreclosure and repossession. *Id.* at 1040 (quoting 15 U.S.C. § 1692a(6)). But the Court cautioned that its holding shouldn't be interpreted as giving such entities "a license to engage in abusive debt collection practices" because "enforcing a security interest does not grant an actor blanket immunity from the [FDCPA]." *Id.* at 1039–40. And the Court noted that its holding didn't address "what other conduct (related to, but not required for, enforcement of a security interest) might transform a security-interest enforcer into a debt collector subject to the main coverage of the [FDCPA]." *Id.* at 1040 (emphasis removed).

*Obduskey* suggests that even if an entity is attempting to enforce a security interest, it might still be a "debt collector" regulated by the FDCPA if it engages in conduct not needed for security-interest enforcement—conduct that would suggest that the entity's true purpose isn't foreclosure or repossession, but debt collection. So to avoid dismissal, Carlson must plead facts that, if true, would show that defendants were engaging in conduct unnecessary for repossession of his truck. But his complaint and the incorporated documents show that defendants' conduct was only aimed at repossession, not debt collection.

The only conduct that Carlson's complaint discusses is Sasville's phone conversations with Carlson and Anthony. Nothing in these conversations suggests that Sasville was trying to collect on Carlson's debt. In his conversation with Carlson, Sasville never mentioned the debt or asked Carlson to pay it. Dkt. 21-1, at 2–5. Sasville said that he would contact Carlson's family and friends in the hopes that "someone [would] let [Sasville] know" the location of

Carlson's truck, Dkt. 21-1, at 5. He never said that he would mention Carlson's debt to them. Indeed, when he called Anthony later that day, he didn't mention Carlson's debt; he only said that he was trying to locate Carlson's truck and would have paid for help in doing so. Nothing in the transcripts of Sasville's calls to Carlson and Anthony suggests that Sasville was after anything other than the truck's location, knowledge of which was unquestionably necessary for Willis to enforce Ford's security interest. *Obduskey* holds that "antecedent steps required under state law to enforce a security interest" do not qualify as debt collection. 139 S. Ct. at 1039. It follows that taking steps necessary for repossession such as locating the item to be repossessed are likewise beyond the FDCPA's scope.

Carlson says that Willis's agreement with Ford is also evidence that defendants were acting as debt collectors. Under that agreement, Ford would pay Willis not only if Willis repossessed Carlson's truck but also if Carlson paid or settled his debt to Ford. But *Obduskey* discusses *conduct* unnecessary to repossession, and this isn't evidence of defendants' conduct. If Carlson had alleged such conduct, the agreement's payment structure suggests that Willis had an incentive to engage in debt collection, which in turn might support an inference that defendants were engaging in debt collection. But the agreement alone cannot show that defendants were acting as debt collectors.

Carlson hasn't pleaded any facts that would show that defendants were acting as debt collectors, not security-interest enforcers, under the FDCPA's relevant provisions. So those provisions don't govern defendants' conduct, and Carlson's complaint must be dismissed for failure to state a claim.

## B. Motion for sanctions

Willis has moved for sanctions under Rule 11, which authorizes sanctions only if a party's position is completely groundless or if it is pursued for an improper purpose, *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 917 (7th Cir. 2015). Before a party moves for sanctions under Rule 11, it must first serve a copy of its motion on the opposing party. Fed. R. Civ. P. 11(c)(2). The opposing party then has a 21-day safe-harbor period in which to correct or withdraw the challenged filing before the party seeking sanctions may file its motion with the court. *Id.* After Carlson filed his amended complaint, Willis served a copy of its motion on him on May 1, 2019. Dkt. 32. Carlson didn't withdraw or amend his complaint within the safe-harbor period, after which Willis filed this motion.

Willis contends that sanctions are appropriate here because (1) Carlson's amended complaint misrepresented the content of Sasville's phone conversations; (2) the law is clear that defendants aren't "debt collectors" under the FDCPA's relevant provisions; and (3) even if defendants were "debt collectors," much of their challenged conduct wouldn't have violated the FDCPA under established law.

### 1. Carlson's allegations regarding Sasville's phone conversations

Willis says that Carlson falsely alleged that Sasville threatened to disclose Carlson's debt to his family and friends and that Sasville did disclose the debt to Anthony. But Carlson's complaint doesn't allege that Sasville said anything that isn't reflected in the call transcripts, which it quotes directly. Willis is really objecting to Carlson's description of Sasville's statements to Carlson as a "thinly veiled threat" to disclose Carlson's debt, Dkt. 17, ¶ 43, and of Sasville's statements to Anthony as "discussing the existence of" Carlson's debt with him, *id.*, ¶ 51. But these are clearly Carlson's interpretations of Sasville's statements. Although the

7

court disagrees with those interpretations, they aren't sanctionable misrepresentation. *See In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 861 (N.D. Ill. 2015) (refusing to impose sanctions on factual allegations made "with a healthy dose of hyperbole" that were not "wholly without evidentiary support").

### 2. Defendants' status as "debt collectors"

Willis says that Carlson's FDCPA claims were clearly foreclosed by *Obduskey* because that case shows that defendants cannot be "debt collectors" under the FDCPA's relevant provisions. But *Obduskey* acknowledges that some conduct "related to, but not required for, enforcement of a security interest" could qualify as debt collection under the FDCPA. *Obduskey*, 139 S. Ct. at 1040. The Court declined to elaborate on what it meant by this, and *Obduskey* was less than a month old when Carlson filed his amended complaint. So there was no guidance in this circuit about *Obduskey*'s scope, and Carlson could test the case's boundaries without running afoul of Rule 11. Although the court agrees with Willis that defendants weren't acting as debt collectors, Carlson raised a nonfrivolous argument under *Obduskey*'s reasoning that Sasville's conduct was unnecessary for enforcing Ford's security interest. Sanctions would be inappropriate here.

### 3. Defendants' challenged conduct

Willis contends that even if it had been a debt collector, Carlson's amended complaint includes three frivolous legal contentions about the scope of prohibited conduct under the FDCPA: (1) that when Sasville told Anthony the name of his employer, he violated 15 U.S.C. § 1692b(1), which bars a debt collector from identifying his employer when trying to acquire "location information" about a consumer; (2) that Sasville's use of the alias "Sean Michaels" violated provisions in 15 U.S.C. § 1692e barring false or misleading representations; and

8

(3) that Sasville's claim to be calling on behalf of "SB Investigations" likewise violated provisions in 15 U.S.C. § 1692e, most notably its requirement that a debt collector only use its "true name," 15 U.S.C. § 1692e(14).

As for Carlson's contention that defendants violated § 1692b(1) in seeking "location information," Willis is correct that the FDCPA's definition of "location information" only includes the consumer's location, not the location of the consumer's property. 15 U.S.C. § 1692a(7). But Carlson abandoned this claim in his response to Willis's motion to dismiss. Dkt. 28, at 2 n.1. Although Carlson didn't withdraw this claim within Rule 11's 21-day safe harbor period, he did so *before* Willis filed its motion for sanctions. Dkt. 28 and Dkt. 30. So it's not Carlson's fault if Willis chose to incur additional expenses on this claim by including it in the motion for sanctions. Even assuming that the claim was frivolous, the court won't impose sanctions without any unfair prejudice caused by the claim.

As for Carlson's contention that defendants violated § 1692e when Sasville used the alias "Sean Michaels," Willis cites a district court case stating that a debt collector's employee can use an alias if it's used consistently and it wouldn't prevent another party from identifying him, *Thomas v. Consumer Adjustment Co.*, 579 F. Supp. 2d 1290, 1294 (E.D. Mo. 2008). But even if *Thomas* were binding law, it wouldn't show that Carlson's claim is frivolous, because Willis doesn't cite any evidence that Sasville *does* use his alias consistently or that another party could still identify him using the alias. So sanctions are also inappropriate here.

And as for Carlson's contention that defendants violated § 1692e when Sasville said that he worked for "SB Investigations" rather than Willis, Willis says that "SB Investigations" is its "true name" because it registered to do business under that name in its home county more than five years ago. But Willis identifies no binding authority for the proposition that simply

registering to do business under a name in one county is sufficient to satisfy § 1692e(14). So Willis hasn't shown that this allegation was unwarranted by existing law, and sanctions are also inappropriate here.

CONCLUSION

Carlson's complaint fails to state a claim against defendants because they aren't "debt collectors" within the meaning of the FDCPA's relevant provisions. The court will grant Willis's motion to dismiss, and it will deny the parties' motions relating to Carlson's failure to serve Sasville as moot. But Willis hasn't shown that Carlson's amended complaint is sanctionable under Rule 11, so the court will deny Willis's motion for sanctions.

ORDER

IT IS ORDERED that:

1. Defendant Patrick K. Willis Company's motion to dismiss plaintiff Quentin Carlson's amended complaint, Dkt. 18, is GRANTED. The case is DISMISSED with prejudice as to both defendants for plaintiff's failure to state a claim upon which relief may be granted.

2. Defendant Patrick K. Willis Company's motion for sanctions, Dkt. 30, is DENIED.

3. Defendant Patrick K. Willis Company's motion to dismiss plaintiff Quentin Carlson's claims against defendant Sean Sasville, Dkt. 36, is DENIED as moot.

4. Plaintiff Quentin Carlson's motion for an extension of time to serve defendant Sean Sasville, Dkt. 39, is DENIED as moot.

5. The clerk of court is directed to enter judgment for defendants and close this case.

Entered November 18, 2019.

        BY THE COURT:

        /s/

        _____
        JAMES D. PETERSON
        District Judge